# EXHIBIT A

FILED DATE: 1/25/2024 1:49 PM  2024L000942

FILED
1/25/2024 1:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L000942
Calendar, C
26125962

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| **GERARDO ALEMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **No.** |
| ) | |
| **CHICAGO PUBLIC SCHOOLS, a Municipal** ) | |
| **Corporation, DISTRICT 299** ) | |
| **CHARLES H. WACKER ELEMENTARY** ) | |
| **SCHOOL,** ) | |
| **K.R. MILLER CONTRACTORS, Incorporated,** ) | |
| **BOARD OF EDUCATION OF THE CITY OF** ) | |
| **CHICAGO, a Municipal Corporation,** ) | |
| ) | |
| **Defendants.** ) | |

**COMPLAINT AT LAW**

**COUNT I
CHICAGO PUBLIC SCHOOLS, a Muncipal Corporation, DISTRICT 299
PREMISE LIABILITY**

NOW COMES the Plaintiff, GERALDO ALEMAN, by his and through his attorneys, LEVIN, RIBACK, & ADELMAN, P.C., and complaining of the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, alleges as follows:

1. That on May 15, 2023, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owned, operated, and/or was in charge of the renovation, erection, and construction of a certain building or other structure located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois also known as "Charles H. Wacker Elementary School".

2. That on May 15, 2023, Plaintiff was a laborer employed by International

–1–

FILED DATE: 1/25/2024 1:49 PM   2024L000942

Equipment, Inc., a subcontractor, on said premises in furtherance of the construction and renovation work.

3.      That on and before May 15, 2023, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owned, possessed, controlled, and maintained the premises located at 9746 South Morgan Street, City of Chicago, State of Illinois, known as "Charles H. Wacker Elementary School".

4.      That on and before May 15, 2023, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owed a duty to Plaintiff and others on the premises to use ordinary care in the ownership of the premises.

5.      That on and before May 15, 2023, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owed a duty to Plaintiff and others on the premises to use ordinary care in the possession of the premises.

6.      That on and before May 15, 2023, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owed a duty to Plaintiff and others on the premises to use ordinary care in the operation of the premises.

7.      That on and before May 15, 2023, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owed a duty to Plaintiff and others on the premises to use ordinary care in the maintenance of the premises.

8.      That on and before May 15, 2023, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owed a duty to Plaintiff and others on the premises to use ordinary care in the control of the premises.

9.      That on May 15, 2023, Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal

–2–

FILED DATE: 1/25/2024 1:49 PM   2024L000942

Corporation, DISTRICT 299, by its agents and employees, owed a duty to Plaintiff to provide a safe place to work and to keep the premises free from unsafe conditions that it new of and/or should have known of through the exercise of ordinary care which should have included regular supervision of Plaintiff's work, regular inspections of Plaintiff's work, and the stoppage of Plaintiff's work if it was performed in an unsafe manner or jobsite conditions were unsafe and presented a hazard to Plaintiff.

10.     That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owed a duty to the Plaintiff to provide a safe place to work.

11.     That on May 15, 2023, the Plaintiff was in the exercise of due care and caution for his own safety.

12.     That on May 15, 2023, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, had notice of the condition of the open hole on the premises located at 9746 South Morgan Street, City of Chicago, State of Illinois prior to the Plaintiff's injuries.

13.     Notwithstanding its duty, on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

> a.     Failed to reasonably inspect the scaffold/shoring work performed by a subcontractor (International Equipment, Inc.) to determine whether that work was being performed in a safe, suitable and proper manner when the Defendant knew, or in the exercise of reasonable care, should have known that such inspection was necessary to prevent injury to Plaintiff;

FILED DATE: 1/25/2024 1:49 PM    2024L000942

b.    Carelessly and negligently permitted a holes/opening to be present in the floor when Defendant knew, or in the exercise of reasonable care, should have known that such a holes/opening posed a fall hazard to Plaintiff and other construction workers on the job site;

c.    Failed to barricade open hole, subjecting workers to a fall hazard;

d.    Failed to provide a safe, suitable and proper work platform for the safety of the Plaintiff;

e.    Failed to warn Plaintiff and others at the jobsite of the existence of the open hole in the floor;

f.    Failed to order Plaintiff and other workers not to walk and work in the area of said hole/opening until the hole/opening was properly covered, secured, marked and identified pursuant existing construction industry standards, including OSHA;

g.    Failed to safely and properly supervise the work performed by its general contractor and subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

h.    Failed to safely and properly schedule and coordinate the work performed by its subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

i.    Failed to follow and enforce its own safety rules and procedures that were both applicable and in full force and effect at the time of the occurrence;

j.    Failed to ensure that its general contractor and subcontractors enforced their own safety rules that were both applicable and in full force and effect at the time of the occurrence;

k.    Failed to provide Plaintiff a safe and proper surface to walk upon;

l.    Failed to properly enforce safety rules applicable to work performed on the job site;

m.    Failed to provide Plaintiff with a safe, suitable and proper place to work;

n.    Failed to cover the aforementioned hole/opening itself when the Defendant knew, or in the exercise of ordinary care, should have known that a cover,

–4–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

properly affixed, marked and identified, was required pursuant to construction industry safety standards as well as custom and practice in the construction industry.

o.    Carelessly, negligently and improperly controlled, maintained and operated the aforesaid premises in that an open hole was allowed to exist on the site that presented a safety hazard to Plaintiff and other construction workers performing construction work in Charles H. Wacker Elementary School;

p.    Failed to supervise its own employees on site to ensure that those employees were performing their work in a safe, suitable and proper manner and were performing the required inspections to identify job site hazards such as open and uncovered holes/floor openings.

q.    Failed to ensure sufficient lighting was in place at the construction project in violation of OSHA and ANSI standards.

14.    That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the duties and responsibilities of the Plaintiff required that he walk upon the floor to perform his work as a laborer.

15.    That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Plaintiff was walking when stepped into an unmarked, uncovered, open hole in the floor.

16.    That as a direct and proximate result of the negligence of the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, the Plaintiff suffered severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, GERARDO ALEMAN, demands judgment against the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, in a sum in excess of the jurisdictional amount and costs in bringing this action.

## COUNT II
## CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299

–5–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

## CONSTRUCTION NEGLIGENCE

NOW COMES the Plaintiff, GERALDO ALEMAN, by his attorneys, LEVIN, RIBACK, & ADELMAN, P.C., states as follows:

1. Plaintiff adopts and re-alleges all allegations in Count I for Count II of this Complaint.

2. That on May 15, 2023, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owned, operated, and/or was in charge of the renovation, erection, and construction of a certain building or other structure located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois also known as "Charles H. Wacker Elementary School".

3. On May 15, 2023, and for a long time prior thereto, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, owned, managed, operated, maintained, and/or controlled the building, located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois known as "Charles H. Wacker Elementary School".

4. On May 15, 2023, and for a long time prior thereto, it was the duty of Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, by its agents and employees, to exercise reasonable care for the ownership, maintenance, construction, and control of the premises located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois, known as "Charles H. Wacker Elementary School".

5. That on May 15, 2023, and for a long time prior thereto, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, individually and through its agents, servants, and employees, was present during the course of such erection, renovation, and

–6–

FILED DATE: 1/25/2024 1:49 PM   2024L000942

construction.

6.      That on May 15, 2023, and for a long time prior thereto, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, individually and through its agents, servants, and employees, participated in coordinating the working being done.

7.      That on May 15, 2023, and for a long time prior thereto, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, individually and through its agents, servants, and employees, designated various work means and methods to be utilized.

8.      That on May 15, 2023, and for a long time prior thereto, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, individually and through its agents, servants, and employees, participated in maintaining and checking work progress related to the project.

9.      That on May 15, 2023, and for a long time prior thereto, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, individually and through its agents, servants, and employees, participated in the scheduling of the work and inspection of the work.

10.     That on May 15, 2023, and for a long time prior thereto, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, individually and through its agents, servants, and employees, had authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

11.     That on May 15, 2023, and for a long time prior thereto, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, individually and through its

FILED DATE: 1/25/2024 1:49 PM    2024L000942

agents, servants, and employees, controlled the manner, methods, and operative details of the work performed by International Equipment, Inc., to the extent that International Equipment, Inc., including the Plaintiff, was not free to work in any way they chose.

12.     That on May 15, 2023, and for a long time prior thereto, the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, individually and through its agents, servants, and employees, had the authority to prohibit work from taking place on site until safe and proper work methods were utilized.

13.     That on May 15, 2023, the Plaintiff was in the exercise of all due care and caution for his own safety.

14.     Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, by its agents and employees, breached its duty of reasonable care by committing one or more of the following careless acts and/or omissions:

   a.     Failed to reasonably inspect the scaffold/shoring work performed by a subcontractor (International Equipment, Inc.) to determine whether that work was being performed in a safe, suitable and proper manner when the Defendant knew, or in the exercise of reasonable care, should have known that such inspection was necessary to prevent injury to Plaintiff;

   b.     Carelessly and negligently permitted a holes/opening to be present in the floor when Defendant knew, or in the exercise of reasonable care, should have known that such a holes/opening posed a fall hazard to Plaintiff and other construction workers on the job site;

   c.     Failed to barricade open hole, subjecting workers to a fall hazard;

   d.     Failed to provide a safe, suitable and proper work platform for the safety of the Plaintiff;

   e.     Failed to warn Plaintiff and others at the jobsite of the existence of the open hole in the floor;

   f.     Failed to order Plaintiff and other workers not to walk and work in the area

–8–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

of said hole/opening until the hole/opening was properly covered, secured, marked and identified pursuant existing construction industry standards, including OSHA;

g.   Failed to safely and properly supervise the work performed by its general contractor and subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

h.   Failed to safely and properly schedule and coordinate the work performed by its subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

i.   Failed to follow and enforce its own safety rules and procedures that were both applicable and in full force and effect at the time of the occurrence;

j.   Failed to ensure that its general contractor and subcontractors enforced their own safety rules that were both applicable and in full force and effect at the time of the occurrence;

k.   Failed to provide Plaintiff a safe and proper surface to walk upon;

l.   Failed to properly enforce safety rules applicable to work performed on the job site;

m.   Failed to provide Plaintiff with a safe, suitable and proper place to work;

n.   Failed to cover the aforementioned hole/opening itself when the Defendant knew, or in the exercise of ordinary care, should have known that a cover, properly affixed, marked and identified, was required pursuant to construction industry safety standards as well as custom and practice in the construction industry.

o.   Carelessly, negligently and improperly controlled, maintained and operated the aforesaid premises in that an open hole was allowed to exist on the site that presented a safety hazard to Plaintiff and other construction workers performing construction work in Charles H. Wacker Elementary School;

p.   Failed to supervise its own employees on site to ensure that those employees were performing their work in a safe, suitable and proper manner and were performing the required inspections to identify job site hazards such as open and uncovered holes/floor openings.

FILED DATE: 1/25/2024 1:49 PM    2024L000942

q.      Failed to ensure sufficient lighting was in place at the construction project in violation of OSHA and ANSI standards.

15.     As a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, by and through its agents and employees, the Plaintiff GERALDO ALEMAN, suffered severe, permanent, persona, and pecuniary injuries when he fell into the open hole while lawfully on the premises and in furtherance of the construction and renovation project.

WHEREFORE, the Plaintiff, GERALDO ALEMAN, demands judgment against the Defendant, CHICAGO PUBLIC SCHOOLS, a Municipal Corporation, DISTRICT 299, in a sum in excess of the jurisdictional amount and costs in bringing this action.

<u>**COUNT III**</u>
<u>**CHARLES H. WACKER ELEMENTARY SCHOOL**</u>
<u>**PREMISE LIABILITY**</u>

NOW COMES the Plaintiff, GERALDO ALEMAN, by his and through his attorneys, LEVIN, RIBACK, & ADELMAN, P.C., and complaining of the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, alleges as follows:

1.      That on May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owned, operated, and/or was in charge of the renovation and construction of a certain building or other structure located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois also known as "Charles H. Wacker Elementary School".

2.      That on May 15, 2023, Plaintiff was a laborer employed by International Equipment, Inc., a subcontractor, on said premises in furtherance of the construction and renovation work.

–10–

FILED DATE: 1/25/2024 1:49 PM   2024L000942

3.      That on and before May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owned, possessed, controlled, and maintained the premises located at 9746 South Morgan Street, City of Chicago, State of Illinois, known as "Charles H. Wacker Elementary School".

4.      That on and before May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owed a duty to Plaintiff and others on the premises to use ordinary care in the ownership of the premises.

5.      That on and before May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owed a duty to Plaintiff and others on the premises to use ordinary care in the possession of the premises.

6.      That on and before May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owed a duty to Plaintiff and others on the premises to use ordinary care in the operation of the premises.

7.      That on and before May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owed a duty to Plaintiff and others on the premises to use ordinary care in the maintenance of the premises.

8.      That on and before May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owed a duty to Plaintiff and others on the premises to use ordinary care in the control of the premises.

9.      That on May 15, 2023, Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, by its agents and employees, owed a duty to Plaintiff to provide a safe place to work and to keep the premises free from unsafe conditions that it new of and/or should have known of

–11–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

through the exercise of ordinary care which should have included regular supervision of Plaintiff's work, regular inspections of Plaintiff's work, and the stoppage of Plaintiff's work if it was performed in an unsafe manner or jobsite conditions were unsafe and presented a hazard to Plaintiff.

10.    That on May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owed a duty to the Plaintiff to provide a safe place to work.

11.    That on May 15, 2023, the Plaintiff was in the exercise of due care and caution for his own safety.

12.    That on May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, had notice of the condition of the open hole on the premises located at 9746 South Morgan Street, City of Chicago, State of Illinois prior to the Plaintiff's injuries.

13.    Notwithstanding its duty, That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a.    Failed to reasonably inspect the scaffold/shoring work performed by a subcontractor (International Equipment, Inc.) to determine whether that work was being performed in a safe, suitable and proper manner when the Defendant knew, or in the exercise of reasonable care, should have known that such inspection was necessary to prevent injury to Plaintiff;

   b.    Carelessly and negligently permitted a holes/opening to be present in the floor when Defendant knew, or in the exercise of reasonable care, should have known that such a holes/opening posed a fall hazard to Plaintiff and other construction workers on the job site;

   c.    Failed to barricade open hole, subjecting workers to a fall hazard;

   d.    Failed to provide a safe, suitable and proper work platform for the safety of

–12–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

the Plaintiff;

e.  Failed to warn Plaintiff and others at the jobsite of the existence of the open hole in the floor;

f.  Failed to order Plaintiff and other workers not to walk and work in the area of said hole/opening until the hole/opening was properly covered, secured, marked and identified pursuant existing construction industry standards, including OSHA;

g.  Failed to safely and properly supervise the work performed by its general contractor and subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

h.  Failed to safely and properly schedule and coordinate the work performed by its subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

i.  Failed to follow and enforce its own safety rules and procedures that were both applicable and in full force and effect at the time of the occurrence;

j.  Failed to ensure that its general contractor and subcontractors enforced their own safety rules that were both applicable and in full force and effect at the time of the occurrence;

k.  Failed to provide Plaintiff a safe and proper surface to walk upon;

l.  Failed to properly enforce safety rules applicable to work performed on the job site;

m.  Failed to provide Plaintiff with a safe, suitable and proper place to work;

n.  Failed to cover the aforementioned hole/opening itself when the Defendant knew, or in the exercise of ordinary care, should have known that a cover, properly affixed, marked and identified, was required pursuant to construction industry safety standards as well as custom and practice in the construction industry.

o.  Carelessly, negligently and improperly controlled, maintained and operated the aforesaid premises in that an open hole was allowed to exist on the site that presented a safety hazard to Plaintiff and other construction workers performing construction work in Charles H. Wacker Elementary School;

FILED DATE: 1/25/2024 1:49 PM    2024L000942

p.      Failed to supervise its own employees on site to ensure that those employees were performing their work in a safe, suitable and proper manner and were performing the required inspections to identify job site hazards such as open and uncovered holes/floor openings.

q.      Failed to ensure sufficient lighting was in place at the construction project in violation of OSHA and ANSI standards.

14.      That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the duties and responsibilities of the Plaintiff required that he walk upon the floor to perform his work as a laborer.

15.      That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Plaintiff was walking when stepped into an unmarked, uncovered, open hole in the floor.

16.      That as a direct and proximate result of the negligence of the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, the Plaintiff suffered severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, GERARDO ALEMAN, demands judgment against the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, in a sum in excess of the jurisdictional amount and costs in bringing this action.

### COUNT IV
### CHARLES H. WACKER ELEMENTARY SCHOOL
### CONSTRUCTION NEGLIGENCE

NOW COMES the Plaintiff, GERALDO ALEMAN, by his attorneys, LEVIN, RIBACK, & ADELMAN, P.C., states as follows:

1.      Plaintiff adopts and re-alleges all allegations in Count III for Count IV of this

–14–

FILED DATE: 1/25/2024 1:49 PM   2024L000942

Complaint.

2.      That on May 15, 2023, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owned, operated, and/or was in charge of the renovation, erection, and construction of a certain building or other structure located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois also known as "Charles H. Wacker Elementary School".

3.      On May 15, 2023, and for a long time prior thereto, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, owned, managed, operated, maintained, and/or controlled the building, located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois known as "Charles H. Wacker Elementary School".

4.      On May 15, 2023, and for a long time prior thereto, it was the duty of Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, by its agents and employees, to exercise reasonable care for the ownership, maintenance, construction, and control of the premises located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois, known as "Charles H. Wacker Elementary School".

5.      That on May 15, 2023, and for a long time prior thereto, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, individually and through its agents, servants, and employees, was present during the course of such erection, renovation, and construction.

6.      That on May 15, 2023, and for a long time prior thereto, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, individually and through its agents, servants, and employees, participated in coordinating the working being done.

7.      That on May 15, 2023, and for a long time prior thereto, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, individually and through its agents, servants, and

FILED DATE: 1/25/2024 1:49 PM    2024L000942

employees, designated various work means and methods to be utilized.

8.     That on May 15, 2023, and for a long time prior thereto, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, individually and through its agents, servants, and employees, participated in maintaining and checking work progress related to the project.

9.     That on May 15, 2023, and for a long time prior thereto, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, individually and through its agents, servants, and employees, participated in the scheduling of the work and inspection of the work.

10.     That on May 15, 2023, and for a long time prior thereto, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, individually and through its agents, servants, and employees, had authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

11.     That on May 15, 2023, and for a long time prior thereto, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, individually and through its agents, servants, and employees, controlled the manner, methods, and operative details of the work performed by International Equipment, Inc., to the extent that International Equipment, Inc., including the Plaintiff, was not free to work in any way they chose.

12.     That on May 15, 2023, and for a long time prior thereto, the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, individually and through its agents, servants, and employees, had the authority to prohibit work from taking place on site until safe and proper work methods were utilized.

13.     That on May 15, 2023, the Plaintiff was in the exercise of all due care and caution for his own safety.

–16–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

14.     Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, by its agents and employees, breached its duty of reasonable care by committing one or more of the following careless acts and/or omissions:

a.      Failed to reasonably inspect the scaffold/shoring work performed by a subcontractor (International Equipment, Inc.) to determine whether that work was being performed in a safe, suitable and proper manner when the Defendant knew, or in the exercise of reasonable care, should have known that such inspection was necessary to prevent injury to Plaintiff;

b.      Carelessly and negligently permitted a holes/opening to be present in the floor when Defendant knew, or in the exercise of reasonable care, should have known that such a holes/opening posed a fall hazard to Plaintiff and other construction workers on the job site;

c.      Failed to barricade open hole, subjecting workers to a fall hazard;

d.      Failed to provide a safe, suitable and proper work platform for the safety of the Plaintiff;

e.      Failed to warn Plaintiff and others at the jobsite of the existence of the open hole in the floor;

f.      Failed to order Plaintiff and other workers not to walk and work in the area of said hole/opening until the hole/opening was properly covered, secured, marked and identified pursuant existing construction industry standards, including OSHA;

g.      Failed to safely and properly supervise the work performed by its general contractor and subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

h.      Failed to safely and properly schedule and coordinate the work performed by its subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

i.      Failed to follow and enforce its own safety rules and procedures that were both applicable and in full force and effect at the time of the occurrence;

j.      Failed to ensure that its general contractor and subcontractors enforced their

–17–

FILED DATE: 1/25/2024 1:49 PM   2024L000942

own safety rules that were both applicable and in full force and effect at the time of the occurrence;

k.     Failed to provide Plaintiff a safe and proper surface to walk upon;

l.     Failed to properly enforce safety rules applicable to work performed on the job site;

m.     Failed to provide Plaintiff with a safe, suitable and proper place to work;

n.     Failed to cover the aforementioned hole/opening itself when the Defendant knew, or in the exercise of ordinary care, should have known that a cover, properly affixed, marked and identified, was required pursuant to construction industry safety standards as well as custom and practice in the construction industry.

o.     Carelessly, negligently and improperly controlled, maintained and operated the aforesaid premises in that an open hole was allowed to exist on the site that presented a safety hazard to Plaintiff and other construction workers performing construction work in Charles H. Wacker Elementary School;

p.     Failed to supervise its own employees on site to ensure that those employees were performing their work in a safe, suitable and proper manner and were performing the required inspections to identify job site hazards such as open and uncovered holes/floor openings.

q.     Failed to ensure sufficient lighting was in place at the construction project in violation of OSHA and ANSI standards.

15.     As a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, by and through its agents and employees, the Plaintiff GERALDO ALEMAN, suffered severe, permanent, persona, and pecuniary injuries when he fell into the open hole while lawfully on the premises and in furtherance of the construction and renovation project.

WHEREFORE, the Plaintiff, GERALDO ALEMAN, demands judgment against the Defendant, CHARLES H. WACKER ELEMENTARY SCHOOL, in a sum in excess of the jurisdictional amount and costs in bringing this action.

FILED DATE: 1/25/2024 1:49 PM    2024L000942

**COUNT V**
**K.R. MILLER CONTRACTORS, INCORPORATED**
**PREMISE LIABILITY**

NOW COMES the Plaintiff, GERALDO ALEMAN, by his and through his attorneys, LEVIN, RIBACK, & ADELMAN, P.C., and complaining of the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, alleges as follows:

1.      That on May 15, 2023, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, owned, operated, and/or was in charge of the renovation and construction of a certain building or other structure located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois also known as "Charles H. Wacker Elementary School".

2.      That on May 15, 2023, Plaintiff was a laborer employed by International Equipment, Inc., a subcontractor, on said premises in furtherance of the construction and renovation work.

3.      That on and before May 15, 2023, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, owned, possessed, controlled, and maintained the premises located at 9746 South Morgan Street, City of Chicago, State of Illinois, known as "Charles H. Wacker Elementary School".

4.      That on and before May 15, 2023, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, owed a duty to Plaintiff and others on the premises to use ordinary care in the ownership of the premises.

5.      That on and before May 15, 2023, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, owed a duty to Plaintiff and others on the premises to use ordinary care in the possession of the premises.

6.      That on and before May 15, 2023, the Defendant, K.R. MILLER

–19–

FILED DATE: 1/25/2024 1:49 PM 2024L000942

CONTRACTORS, INCORPORATED, owed a duty to Plaintiff and others on the premises to use ordinary care in the operation of the premises.

7.      That on and before May 15, 2023, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, owed a duty to Plaintiff and others on the premises to use ordinary care in the maintenance of the premises.

8.      That on and before May 15, 2023, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, owed a duty to Plaintiff and others on the premises to use ordinary care in the control of the premises.

9.      That on May 15, 2023, Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, by its agents and employees, owed a duty to Plaintiff to provide a safe place to work and to keep the premises free from unsafe conditions that it new of and/or should have known of through the exercise of ordinary care which should have included regular supervision of Plaintiff's work, regular inspections of Plaintiff's work, and the stoppage of Plaintiff's work if it was performed in an unsafe manner or jobsite conditions were unsafe and presented a hazard to Plaintiff.

10.     That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, owed a duty to the Plaintiff to provide a safe place to work.

11.     That on May 15, 2023, the Plaintiff was in the exercise of due care and caution for his own safety.

12.     That on May 15, 2023, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, had notice of the condition of the open hole on the premises located at 9746

–20–

South Morgan Street, City of Chicago, State of Illinois prior to the Plaintiff's injuries.

13.    Notwithstanding its duty, on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.    Failed to reasonably inspect the scaffold/shoring work performed by a subcontractor (International Equipment, Inc.) to determine whether that work was being performed in a safe, suitable and proper manner when the Defendant knew, or in the exercise of reasonable care, should have known that such inspection was necessary to prevent injury to Plaintiff;

b.    Carelessly and negligently permitted a holes/opening to be present in the floor when Defendant knew, or in the exercise of reasonable care, should have known that such a holes/opening posed a fall hazard to Plaintiff and other construction workers on the job site;

c.    Failed to barricade open hole, subjecting workers to a fall hazard;

d.    Failed to provide a safe, suitable and proper work platform for the safety of the Plaintiff;

e.    Failed to warn Plaintiff and others at the jobsite of the existence of the open hole in the floor;

f.    Failed to order Plaintiff and other workers not to walk and work in the area of said hole/opening until the hole/opening was properly covered, secured, marked and identified pursuant existing construction industry standards, including OSHA;

g.    Failed to safely and properly supervise the work performed by its general contractor and subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

h.    Failed to safely and properly schedule and coordinate the work performed by its subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

FILED DATE: 1/25/2024 1:49 PM    2024L000942

FILED DATE: 1/25/2024 1:49 PM   2024L000942

i.     Failed to follow and enforce its own safety rules and procedures that were both applicable and in full force and effect at the time of the occurrence;

j.     Failed to ensure that its general contractor and subcontractors enforced their own safety rules that were both applicable and in full force and effect at the time of the occurrence;

k.     Failed to provide Plaintiff a safe and proper surface to walk upon;

l.     Failed to properly enforce safety rules applicable to work performed on the job site;

m.     Failed to provide Plaintiff with a safe, suitable and proper place to work;

n.     Failed to cover the aforementioned hole/opening itself when the Defendant knew, or in the exercise of ordinary care, should have known that a cover, properly affixed, marked and identified, was required pursuant to construction industry safety standards as well as custom and practice in the construction industry.

o.     Carelessly, negligently and improperly controlled, maintained and operated the aforesaid premises in that an open hole was allowed to exist on the site that presented a safety hazard to Plaintiff and other construction workers performing construction work in Charles H. Wacker Elementary School;

p.     Failed to supervise its own employees on site to ensure that those employees were performing their work in a safe, suitable and proper manner and were performing the required inspections to identify job site hazards such as open and uncovered holes/floor openings.

q.     Failed to ensure sufficient lighting was in place at the construction project in violation of OSHA and ANSI standards.

14.     That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the duties and responsibilities of the Plaintiff required that he walk upon the floor to perform his work as a laborer.

15.     That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Plaintiff was walking when stepped into an unmarked, uncovered, open hole in the

FILED DATE: 1/25/2024 1:49 PM   2024L000942

floor.

16.     That as a direct and proximate result of the negligence of the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, the Plaintiff suffered severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, GERARDO ALEMAN, demands judgment against the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, in a sum in excess of the jurisdictional amount and costs in bringing this action.

**COUNT VI**
**K.R. MILLER CONTRACTORS, INCORPORATED**
**CONSTRUCTION NEGLIGENCE**

NOW COMES the Plaintiff, GERALDO ALEMAN, by his attorneys, LEVIN, RIBACK, & ADELMAN, P.C., states as follows:

1.     Plaintiff adopts and re-alleges all allegations in Count V for Count VI of this Complaint.

2.     That on May 15, 2023, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, owned, operated, and/or was in charge of the renovation, erection, and construction of a certain building or other structure located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois also known as "Charles H. Wacker Elementary School".

3.     On May 15, 2023, and for a long time prior thereto, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, owned, managed, operated, maintained, and/or controlled the building, located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois known as "Charles H. Wacker Elementary School".

4.     On May 15, 2023, and for a long time prior thereto, it was the duty of Defendant,

–23–

FILED DATE: 1/25/2024 1:49 PM  2024L000942

K.R. MILLER CONTRACTORS, INCORPORATED, by its agents and employees, to exercise reasonable care for the ownership, maintenance, construction, and control of the premises located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois, known as "Charles H. Wacker Elementary School".

5.      That on May 15, 2023, and for a long time prior thereto, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, individually and through its agents, servants, and employees, was present during the course of such erection, renovation, and construction.

6.      That on May 15, 2023, and for a long time prior thereto, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, individually and through its agents, servants, and employees, participated in coordinating the working being done.

7.      That on May 15, 2023, and for a long time prior thereto, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, individually and through its agents, servants, and employees, designated various work means and methods to be utilized.

8.      That on May 15, 2023, and for a long time prior thereto, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, individually and through its agents, servants, and employees, participated in maintaining and checking work progress related to the project.

9.      That on May 15, 2023, and for a long time prior thereto, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, individually and through its agents, servants, and employees, participated in the scheduling of the work and inspection of the work.

10.     That on May 15, 2023, and for a long time prior thereto, the Defendant K.R. MILLER CONTRACTORS, INCORPORATED, individually and through its agents, servants, and employees, had authority to stop the work, refuse the work and materials and order changes

FILED DATE: 1/25/2024 1:49 PM    2024L000942

in the work, in the event the work was being performed in a dangerous manner or for any other reason.

11.     That on May 15, 2023, and for a long time prior thereto, the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, individually and through its agents, servants, and employees, controlled the manner, methods, and operative details of the work performed by International Equipment, Inc., to the extent that International Equipment, Inc., including the Plaintiff, was not free to work in any way they chose.

12.     That on May 15, 2023, and for a long time prior thereto, the Defendant K.R. MILLER CONTRACTORS, INCORPORATED, individually and through its agents, servants, and employees, had the authority to prohibit work from taking place on site until safe and proper work methods were utilized.

13.     That on May 15, 2023, the Plaintiff was in the exercise of all due care and caution for his own safety.

14.     Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, by its agents and employees, breached its duty of reasonable care by committing one or more of the following careless acts and/or omissions:

a.     Failed to reasonably inspect the scaffold/shoring work performed by a subcontractor (International Equipment, Inc.) to determine whether that work was being performed in a safe, suitable and proper manner when the Defendant knew, or in the exercise of reasonable care, should have known that such inspection was necessary to prevent injury to Plaintiff;

b.     Carelessly and negligently permitted a holes/opening to be present in the floor when Defendant knew, or in the exercise of reasonable care, should have known that such a holes/opening posed a fall hazard to Plaintiff and other construction workers on the job site;

c.     Failed to barricade open hole, subjecting workers to a fall hazard;

–25–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

d.    Failed to provide a safe, suitable and proper work platform for the safety of the Plaintiff;

e.    Failed to warn Plaintiff and others at the jobsite of the existence of the open hole in the floor;

f.    Failed to order Plaintiff and other workers not to walk and work in the area of said hole/opening until the hole/opening was properly covered, secured, marked and identified pursuant existing construction industry standards, including OSHA;

g.    Failed to safely and properly supervise the work performed by its general contractor and subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

h.    Failed to safely and properly schedule and coordinate the work performed by its subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

i.    Failed to follow and enforce its own safety rules and procedures that were both applicable and in full force and effect at the time of the occurrence;

j.    Failed to ensure that its general contractor and subcontractors enforced their own safety rules that were both applicable and in full force and effect at the time of the occurrence;

k.    Failed to provide Plaintiff a safe and proper surface to walk upon;

l.    Failed to properly enforce safety rules applicable to work performed on the job site;

m.    Failed to provide Plaintiff with a safe, suitable and proper place to work;

n.    Failed to cover the aforementioned hole/opening itself when the Defendant knew, or in the exercise of ordinary care, should have known that a cover, properly affixed, marked and identified, was required pursuant to construction industry safety standards as well as custom and practice in the construction industry.

o.    Carelessly, negligently and improperly controlled, maintained and operated the aforesaid premises in that an open hole was allowed to exist on the site

–26–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

that presented a safety hazard to Plaintiff and other construction workers performing construction work in Charles H. Wacker Elementary School;

p.      Failed to supervise its own employees on site to ensure that those employees were performing their work in a safe, suitable and proper manner and were performing the required inspections to identify job site hazards such as open and uncovered holes/floor openings.

q.      Failed to ensure sufficient lighting was in place at the construction project in violation of OSHA and ANSI standards.

15.     As a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, by and through its agents and employees, the Plaintiff GERALDO ALEMAN, suffered severe, permanent, persona, and pecuniary injuries when he fell into the open hole while lawfully on the premises and in furtherance of the construction and renovation project.

WHEREFORE, the Plaintiff, GERALDO ALEMAN, demands judgment against the Defendant, K.R. MILLER CONTRACTORS, INCORPORATED, in a sum in excess of the jurisdictional amount and costs in bringing this action.

**COUNT VII**
**BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION**
**PREMISES LIABILITY**

NOW COMES the Plaintiff, GERALDO ALEMAN, by his and through his attorneys, LEVIN, RIBACK, & ADELMAN, P.C., and complaining of the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, alleges as follows:

1.      That on May 15, 2023, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owned, operated, and/or was in charge of the

FILED DATE: 1/25/2024 1:49 PM   2024L000942

renovation and construction of a certain building or other structure located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois also known as "Charles H. Wacker Elementary School".

2.    That on May 15, 2023, Plaintiff was a laborer employed by International Equipment, Inc., a subcontractor, on said premises in furtherance of the construction and renovation work.

3.    That on and before May 15, 2023, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owned, possessed, controlled, and maintained the premises located at 9746 South Morgan Street, City of Chicago, State of Illinois, known as "Charles H. Wacker Elementary School".

4.    That on and before May 15, 2023, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owed a duty to Plaintiff and others on the premises to use ordinary care in the ownership of the premises.

5.    That on and before May 15, 2023, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owed a duty to Plaintiff and others on the premises to use ordinary care in the possession of the premises.

6.    That on and before May 15, 2023, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owed a duty to Plaintiff and others on the premises to use ordinary care in the operation of the premises.

7.    That on and before May 15, 2023, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owed a duty to Plaintiff and others on the premises to use ordinary care in the maintenance of the premises.

FILED DATE: 1/25/2024 1:49 PM    2024L000942

8.     That on and before May 15, 2023, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owed a duty to Plaintiff and others on the premises to use ordinary care in the control of the premises.

9.     That on May 15, 2023, Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, by its agents and employees, owed a duty to Plaintiff to provide a safe place to work and to keep the premises free from unsafe conditions that it new of and/or should have known of through the exercise of ordinary care which should have included regular supervision of Plaintiff's work, regular inspections of Plaintiff's work, and the stoppage of Plaintiff's work if it was performed in an unsafe manner or jobsite conditions were unsafe and presented a hazard to Plaintiff.

10.     That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owed a duty to the Plaintiff to provide a safe place to work.

11.     That on May 15, 2023, the Plaintiff was in the exercise of due care and caution for his own safety.

12.     That on May 15, 2023, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, had notice of the condition of the open hole on the premises located at 9746 South Morgan Street, City of Chicago, State of Illinois prior to the Plaintiff's injuries.

13.     Notwithstanding its duty, on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, by and through its agents, servants and employees,

–29–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.    Failed to reasonably inspect the scaffold/shoring work performed by a subcontractor (International Equipment, Inc.) to determine whether that work was being performed in a safe, suitable and proper manner when the Defendant knew, or in the exercise of reasonable care, should have known that such inspection was necessary to prevent injury to Plaintiff;

b.    Carelessly and negligently permitted a holes/opening to be present in the floor when Defendant knew, or in the exercise of reasonable care, should have known that such a holes/opening posed a fall hazard to Plaintiff and other construction workers on the job site;

c.    Failed to barricade open hole, subjecting workers to a fall hazard;

d.    Failed to provide a safe, suitable and proper work platform for the safety of the Plaintiff;

e.    Failed to warn Plaintiff and others at the jobsite of the existence of the open hole in the floor;

f.    Failed to order Plaintiff and other workers not to walk and work in the area of said hole/opening until the hole/opening was properly covered, secured, marked and identified pursuant existing construction industry standards, including OSHA;

g.    Failed to safely and properly supervise the work performed by its general contractor and subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

h.    Failed to safely and properly schedule and coordinate the work performed by its subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

i.    Failed to follow and enforce its own safety rules and procedures that were both applicable and in full force and effect at the time of the occurrence;

j.    Failed to ensure that its general contractor and subcontractors enforced their own safety rules that were both applicable and in full force and effect at the time of the occurrence;

–30–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

k.      Failed to provide Plaintiff a safe and proper surface to walk upon;

l.      Failed to properly enforce safety rules applicable to work performed on the job site;

m.     Failed to provide Plaintiff with a safe, suitable and proper place to work;

n.      Failed to cover the aforementioned hole/opening itself when the Defendant knew, or in the exercise of ordinary care, should have known that a cover, properly affixed, marked and identified, was required pursuant to construction industry safety standards as well as custom and practice in the construction industry.

o.      Carelessly, negligently and improperly controlled, maintained and operated the aforesaid premises in that an open hole was allowed to exist on the site that presented a safety hazard to Plaintiff and other construction workers performing construction work in Charles H. Wacker Elementary School;

p.      Failed to supervise its own employees on site to ensure that those employees were performing their work in a safe, suitable and proper manner and were performing the required inspections to identify job site hazards such as open and uncovered holes/floor openings.

q.      Failed to ensure sufficient lighting was in place at the construction project in violation of OSHA and ANSI standards.

14.    That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the duties and responsibilities of the Plaintiff required that he walk upon the floor to perform his work as a laborer.

15.    That on May 15, 2023 at 9746 South Morgan Street, City of Chicago, State of Illinois, the Plaintiff was walking when stepped into an unmarked, uncovered, open hole in the floor.

16.    That as a direct and proximate result of the negligence of the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, the Plaintiff

suffered severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, GERARDO ALEMAN, demands judgment against the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, in a sum in excess of the jurisdictional amount and costs in bringing this action.

**COUNT VIII**
**BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL**
**CORPORATION**
**CONSTRUCTION NEGLIGENCE**

NOW COMES the Plaintiff, GERALDO ALEMAN, by his attorneys, LEVIN, RIBACK, & ADELMAN, P.C., states as follows:

1.     Plaintiff adopts and re-alleges all allegations in Count VII for Count VIII of this Complaint.

2.     That on May 15, 2023, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owned, operated, and/or was in charge of the renovation, erection, and construction of a certain building or other structure located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois also known as "Charles H. Wacker Elementary School".

3.     On May 15, 2023, and for a long time prior thereto, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, owned, managed, operated, maintained, and/or controlled the building, located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois known as "Charles H. Wacker Elementary School".

4.     On May 15, 2023, and for a long time prior thereto, it was the duty of Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, by

FILED DATE: 1/25/2024 1:49 PM   2024L000942

–32–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

its agents and employees, to exercise reasonable care for the ownership, maintenance, construction, and control of the premises located at 9746 South Morgan Street, City of Chicago, County of Cook, State of Illinois, known as "Charles H. Wacker Elementary School".

5.      That on May 15, 2023, and for a long time prior thereto, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, individually and through its agents, servants, and employees, was present during the course of such erection, renovation, and construction.

6.      That on May 15, 2023, and for a long time prior thereto, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, individually and through its agents, servants, and employees, participated in coordinating the working being done.

7.      That on May 15, 2023, and for a long time prior thereto, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, individually and through its agents, servants, and employees, designated various work means and methods to be utilized.

8.      That on May 15, 2023, and for a long time prior thereto, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, individually and through its agents, servants, and employees, participated in maintaining and checking work progress related to the project.

9.      That on May 15, 2023, and for a long time prior thereto, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, individually and through its agents, servants, and employees, participated in the scheduling of the work and

FILED DATE: 1/25/2024 1:49 PM    2024L000942

inspection of the work.

10.    That on May 15, 2023, and for a long time prior thereto, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, individually and through its agents, servants, and employees, had authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

11.    That on May 15, 2023, and for a long time prior thereto, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, individually and through its agents, servants, and employees, controlled the manner, methods, and operative details of the work performed by International Equipment, Inc., to the extent that International Equipment, Inc., including the Plaintiff, was not free to work in any way they chose.

12.    That on May 15, 2023, and for a long time prior thereto, the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, individually and through its agents, servants, and employees, had the authority to prohibit work from taking place on site until safe and proper work methods were utilized.

13.    That on May 15, 2023, the Plaintiff was in the exercise of all due care and caution for his own safety.

14.    Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, by its agents and employees, breached its duty of reasonable care by committing one or more of the following careless acts and/or omissions:

> a.    Failed to reasonably inspect the scaffold/shoring work performed by a subcontractor (International Equipment, Inc.) to determine whether that work was being performed in a safe, suitable and proper manner when the Defendant knew, or in the exercise of reasonable care, should have known

–34–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

that such inspection was necessary to prevent injury to Plaintiff;

b.    Carelessly and negligently permitted a holes/opening to be present in the floor when Defendant knew, or in the exercise of reasonable care, should have known that such a holes/opening posed a fall hazard to Plaintiff and other construction workers on the job site;

c.    Failed to barricade open hole, subjecting workers to a fall hazard;

d.    Failed to provide a safe, suitable and proper work platform for the safety of the Plaintiff;

e.    Failed to warn Plaintiff and others at the jobsite of the existence of the open hole in the floor;

f.    Failed to order Plaintiff and other workers not to walk and work in the area of said hole/opening until the hole/opening was properly covered, secured, marked and identified pursuant existing construction industry standards, including OSHA;

g.    Failed to safely and properly supervise the work performed by its general contractor and subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

h.    Failed to safely and properly schedule and coordinate the work performed by its subcontractors to make sure one subcontractor did not create unsafe job site conditions that presented safety hazards to workers from other subcontractors, including the Plaintiff;

i.    Failed to follow and enforce its own safety rules and procedures that were both applicable and in full force and effect at the time of the occurrence;

j.    Failed to ensure that its general contractor and subcontractors enforced their own safety rules that were both applicable and in full force and effect at the time of the occurrence;

k.    Failed to provide Plaintiff a safe and proper surface to walk upon;

l.    Failed to properly enforce safety rules applicable to work performed on the job site;

m.    Failed to provide Plaintiff with a safe, suitable and proper place to work;

–35–

FILED DATE: 1/25/2024 1:49 PM    2024L000942

n.    Failed to cover the aforementioned hole/opening itself when the Defendant knew, or in the exercise of ordinary care, should have known that a cover, properly affixed, marked and identified, was required pursuant to construction industry safety standards as well as custom and practice in the construction industry.

o.    Carelessly, negligently and improperly controlled, maintained and operated the aforesaid premises in that an open hole was allowed to exist on the site that presented a safety hazard to Plaintiff and other construction workers performing construction work in Charles H. Wacker Elementary School;

p.    Failed to supervise its own employees on site to ensure that those employees were performing their work in a safe, suitable and proper manner and were performing the required inspections to identify job site hazards such as open and uncovered holes/floor openings.

q.    Failed to ensure sufficient lighting was in place at the construction project in violation of OSHA and ANSI standards.

15.    As a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions on the part of the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, by and through its agents and employees, the Plaintiff GERALDO ALEMAN, suffered severe, permanent, persona, and pecuniary injuries when he fell into the open hole while lawfully on the premises and in furtherance of the construction and renovation project.

WHEREFORE, the Plaintiff, GERALDO ALEMAN, demands judgment against the Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, a MUNICIPAL CORPORATION, in a sum in excess of the jurisdictional amount and costs in bringing this action.

Respectfully Submitted,

LEVIN, RIBACK, & ADELMAN, P.C.

By:        */s/Adam Riback*
            Adam B. Riback, Esq.

–36–

FILED DATE: 1/25/2024 1:49 PM   2024L000942

Firm ID: 65779
LEVIN, RIBACK, & ADELMAN , P.C.
Attorneys for the Plaintiff
10 N. Dearborn, 11th Floor
Chicago, IL 60602
P: (312) 782-6717
F: (312) 782-5128
ariback@lralegal.com
jswartout@lralegal.com

FILED DATE: 1/25/2024 1:49 PM    2024L000942

## SUPREME COURT RULE 222 AFFIDAVIT

Adam B. Riback, attorney for Plaintiff, duly sworn under oath, states as follows:

Based upon information and belief as of the date of the signing of this Complaint, the total money damages sought are in excess of the jurisdictional amount of $50,000.00.


_/s/Adam Riback_
Adam B. Riback
Attorney for Plaintiff
LEVIN, RIBACK, & ADELMAN , P.C.
10 N. Dearborn, 11th Floor
Chicago, IL 60602

Dated: __January 25, 2024__