IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| AMERISURE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   25 C 4455 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BURLINGTON INSURANCE GROUP, INC. d/b/a | ) | |
| THE BURLINGTON INSURANCE COMPANY, | ) | |
| THE GEORGE SOLLITT CONSTRUCTION | ) | |
| COMPANY, and CHICAGO PARK DISTRICT, | ) | |
| a Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Amerisure Insurance Company ("Amerisure") has sued defendant Burlington Insurance Group, Inc. ("TBIC"), along with two other defendants, The George Sollitt Construction Company ("Sollitt") and Chicago Park District ("Park District"), for a declaratory judgment that, among other things, TBIC owes "primary and non-contributory [insurance] coverage" to Sollitt and the Park District in a separate Illinois state court action.   According Amerisure's complaint, the Park District hired Sollitt for a renovation project.   Sollitt in turn took out a Commercial General Liability ("CGL") insurance policy, covering Sollitt and the Park District (as an "additional insured").   Sollitt then subcontracted with International Equipment, Inc. ("IEI") to perform scaffolding work on the project.   Under that subcontract, IEI had to obtain primary and non-contributory additional insured coverage for Sollitt and CPD related to IEI's work.   To that end, IEI obtained a CGL policy from TBIC.

After work on the project began, one of IEI's laborers, Gerardo Aleman, allegedly fell into a hole at the worksite.   Aleman has since sued the Park District and Sollitt in Illinois state

court for negligence, seeking damages for the injuries he sustained.   In response, Sollitt

demanded that IEI and TBIC defend and indemnify Sollitt and CPD as additional insureds under

the TBIC policy.   TBIC has not provided a defense or indemnification to Sollitt and CPD.

Amerisure has agreed to defend Sollitt and CPD under the Amerisure policy, subject to a

reservation of rights to pursue and implicate all available primary insurance to Sollitt and CPD.

Amerisure and Sollitt have been litigating the Aleman lawsuit on behalf of Sollitt and CPD in the

state court.

Believing that Aleman's lawsuit triggered TBIC's duty "to defend and, upon ripening,

indemnify Sollitt and CPB on a primary and non-contributory basis," Amerisure brought its

complaint in this court, asserting three counts seeking a declaratory judgment: that Sollitt and

CPD qualify as additional insureds on the TBIC policy on a primary and non-contributory basis

(Count I); that TBIC is estopped from contesting coverage to CPD and Sollitt (Count II); and that

TBIC owes Amerisure reimbursement of amounts Amerisure has incurred in the defense of

Sollitt and CPD in the Aleman lawsuit (Count III).   Amerisure states in the complaint that "[n]o

direct relief is sought against" Sollitt or CPD, and that they have "been included in this action as

a required party to be bound by the judgment."   TBIC now moves for an "order requiring

[Amerisure] to join [Aleman as] a necessary party [defendant] under Rule 12(b)(7) of the Federal

Rules of Civil Procedure."[1]   For the reasons below, the court denies TBIC's motion.

---

[1] After TBIC filed its motion, the court dismissed Sollitt without prejudice based on a stipulation
of dismissal.

**DISCUSSION**

Compulsory Joinder of Required Parties

Under Fed. R. Civ. P. 12(b)(7), "a party may assert the following defense[ ] by motion: . . . failure to join a party under [Fed. R. Civ. P.] 19." Fed. R. Civ. P. 12(b)(7). Rule 19 is designed "to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." Askew v. Sheriff of Cook Cnty., Ill., 568 F.3d 632, 634 (7th Cir. 2009) (citation omitted). "Rule 19(a) addresses 'persons required to be joined if feasible,' and Rule 19(b)" addresses "what the court must do if joinder [of a person who is required to be joined] is not feasible." Id. at 635 (quoting Fed. R. Civ. P. 19(a)).

As for who is "required to be joined"—persons whom courts historically referred to as "necessary" parties—Rule 19(a)(1) states:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1) (emphasis removed).

If a person meets these criteria and has not been joined, Rule 19(a)(2) provides that "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). And if, after having been joined, that person then "raises a valid objection to venue . . ., the court must dismiss that party" under Rule 19(a)(3). Askew, 568 F.3d at 635.

3

If, however, a party meets Rule 19(a)(1)(A)'s or (B)'s criteria but cannot be joined—
"usually because joinder would destroy complete diversity or the court lacks personal
jurisdiction over it," id.—the court must "turn to Rule 19(b) and decide what to do about the
problem," id.   In particular, Rule 19(b) states: "If a person who is required to be joined if
feasible cannot be joined, the court must determine whether, in equity and good conscience, the
action should proceed among the existing parties or should be dismissed."   Fed. R. Civ. P.
19(b).   Historically, courts and older versions of Rule 19(b) referred to persons whose absence
required dismissal as "indispensable" parties.

Here, TBIC argues that Aleman is a "necessary" party in this declaratory judgment
action, and that he can be joined to this action because, "[o]n information and belief, Aleman is
an Illinois citizen," such that his presence would not destroy diversity jurisdiction.   TBIC is thus
arguing for joinder—not dismissal.   For its part, Amerisure does not meaningfully contest that if
Aleman were a necessary party, he could be joined in this action as a defendant.   It contends,
though, that Aleman is in fact not a "necessary" party here.   Because TBIC does not seek
dismissal, its motion would perhaps be better framed as a motion to compel joinder under Rule
19—not as a motion under Rule 12(b)(7).   But the court need not dwell on the issue long
because regardless of how it is framed, the court must determine if Aleman is a required or
necessary party that must be joined under Rule 19(a).

<u>Whether Aleman is a Required or "Necessary" Party</u>

TBIC suggests that, as the movant, it bears the burden to show that Aleman is a necessary
party that must be joined.   The court agrees.   See <u>CXA Corp. v. Am. Fam. Ins. Co.</u>, No. 15 CV
11412, 2016 WL 6582577, at *2 (N.D. Ill. Nov. 7, 2016) ("The party moving for joinder has the

4

burden to demonstrate that we should join the absent party if feasible."); see also Equal Emp. Opportunity Comm'n v. Sunnybrook Educ. Ass'n, IEA-NEA, 712 F. Supp. 3d 1093, 1097 (N.D. Ill. 2024) ("On a Rule 12(b)(7) motion the movant 'bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined.'" (Citation omitted)).

TBIC further suggests that it has met that burden here. According to TBIC, Illinois and Seventh Circuit case law establish that "[w]here, as here, the insurer initiates the coverage action, the underlying tort plaintiff is a necessary party that must be joined." This proposition, TBIC continues, is "underscored by the fact that the Aleman has an interest in preserving the availability of all potentially implicated insurance policies as the potential source of funds that could satisfy any judgment that may be entered against Sollitt and CPD." Because Amerisure "seeks a declaration that TBIC has a primary duty to defend and indemnify Sollitt and CPD in the Aleman litigation under certain policies rather than Amerisure," the requested relief "will impair Aleman's interest in the contested policy proceeds." TBIC is thus essentially arguing that Aleman meets Rule 19(a)(1)(B)(i)'s criteria—that is, that Aleman is a person who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . (i) as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i).

Amerisure contends in opposition that "TBIC's Motion is based on the false premise that an underlying claimant may be left with ***no insurance coverage*** if absent from a declaratory judgment action." (Emphasis by Amerisure). But that is "not the case," Amerisure says. "Rather, this Action concerns the ***priority of coverage*** available to the insureds from their insurers." (Emphasis by Amerisure). According to Amerisure: the court "can award complete

relief amongst the parties" on this coverage determination without Aleman being joined; Aleman "is not an insured . . . under either the TBIC policy or the Amerisure Policy"; and Aleman "has no present or direct interest in this coverage action, and any potential recovery is speculative depending on what happens in the Aleman Lawsuit."

Amerisure further argues that TBIC "points to case cites without demonstrating how" they are "relevant to this Rule 19 inquiry."  And those cases, it argues, "involved actions by insurers against insureds affirmatively seeking declarations of non-coverage."  But again, Amerisure goes on, this is an "insurer versus insurer action [that] seeks a declaration as to the priority and scope of coverages available to the insureds, not that there is no coverage for the Aleman Lawsuit."  Further, Amerisure continues, "[t]he issue of whether an insurer must indemnify its insured is not ripe until the underlying litigation ends."  Because Aleman's lawsuit is still pending, Amerisure asserts, only "the duty to defend portion of th[is] litigation" is relevant here.  And a "declaratory judgment action brought in favor of a duty to defend," it contends, "'belies any risk that they would prejudice the injured parties by failing to appear,' and, as such, adequately protects the underlying tort plaintiff's interests."  (Quoting an unknown "Id." source that follows a string cite of four cases).  Because Aleman has "no stake in which lawyers defend [the insured]," Amerisure concludes, Aleman's absence "will not impair any of his protected interests."  (Citation omitted) (Bracketing by Amerisure).

In reply, TBIC contends that Amerisure incorrectly characterizes this dispute as "purely one of order of priority between two insurers."  TBIC argues that this action was filed to "determine whether TBIC's denial of coverage to Amerisure's named insured and putative additional insured under the TBIC policy was correct, which determination will in turn impact

6

whether [Aleman] will have one or two policies from which to satisfy any judgment that may ultimately be entered should it prevail in the pending tort case." And, TBIC contends, "[w]hile it is true that the duty to indemnify is not presently ripe, it is well settled Illinois law that there is no duty to defend where there is no duty to indemnify." TBIC further conclusorily states that "[t]he coverage issue here turns on whether the additional insured sued named as a defendant in the tort case is an 'employee' as that term is amended by endorsement in the TBIC policy." It thus concludes: "If adjudicated in TBIC's favor, then the tort plaintiff will be deprived of an additional source of recovery as there is no amendment that can be made to the underlying pleadings that would alter the employee status on which TBIC's denial is premised."

The court finds that TBIC has not met its burden to show that Aleman is a required party. For starters, "[a]s part of the Rule 19(a)(1) inquiry, the Court must consider whether the absentee is a person who is subject to service of process and whose joinder will not deprive the Court of subject-matter jurisdiction." First Pros. Ins. Co. v. Florendo, No. 11-CV-197-DRH, 2011 WL 5325710, at *3 (S.D. Ill. Nov. 3, 2011) (citing Askew, 568 F.3d at 635); see Fed. R. Civ. P. 19(a)(1) ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . ."). But as explained above, TBIC can say that "Aleman is an Illinois citizen" based only "[o]n information and belief." And TBIC says nothing about service of process. True, Amerisure does not contest that Aleman can joined if he is found to be a necessary party. But that does not relieve TBIC—the party moving for joinder of a third-party defendant—of its burden to establish that the third party can be joined. Put simply, "[w]ithout knowing whether [Aleman] [is] subject to service of process [ ]or

7

[his] citizenship and therefore whether complete diversity would be destroyed, the Court cannot determine whether [he] [is] [a] required part[y]."   Florendo, 2011 WL 5325710, at *3.

But even if TBIC had established those elements, the court would still find that TBIC has failed to show that he is a required party under Rule 19(a)(1)(A)'s or (B)'s criteria.   First, TBIC has failed to show that without Aleman, the court would be unable to "accord complete relief among existing parties."   Fed. R. Civ. P. 19(a)(1)(A).   TBIC does not argue this issue, and has thus waived it.   Cf. United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) ("[a]rguments that are not adequately developed or supported are waived").   In any event, the court does not see an issue with being able to accord complete relief.   "In the context of Rule 19(a), 'the term 'complete relief' refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'"   CXA, 2016 WL 6582577, at *3 (citation omitted).   Here, the parties involved in the insurance contracts at issue are the insureds or "additional insureds" (Sollitt, IEI, and CPD) and the insurers (Amerisure and TBIC).   Aleman is not a party to the policies.   Thus, the court can accord the existing parties complete relief by determining whether TBIC owes a duty to defend and indemnify Sollitt and CPD.

Second, TBIC has failed to show that Aleman is a person who "claims an interest relating to the subject of the action and is so situated that disposing of the action" without him would either "impair or impede" his "ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."   Fed. R. Civ. P. 19(a)(1)(B).   To begin with, TBIC neither argues nor points to any evidence that suggests that Aleman himself either has claimed an interest relating to this action or has sought to join or intervene in this action.   While not dispositive, the court is mindful that, "under Rule

19(a)[,] it is the absent party that typically must claim such an interest." Davis Co. v. Emerald Casino, Inc., 268 F.3d 477, 483 (7th Cir. 2001); Sullivan v. Flora, Inc., No. 15-CV-298-WMC, 2016 WL 4275864, at *2 (W.D. Wis. Aug. 12, 2016) (explaining that "the Seventh Circuit prefers for 'the absent party [to] claim [the] interest' in compulsory joinder cases," and noting that neither absent party had "sought to intervene in th[e] case" (bracketing in original) (quoting Davis, 268 F.3d at 483)).

Still, Aleman may well have an interest relating to the subject of this action. Although "in a diversity case," like this, "the issues of joinder and whether or not the court should proceed in the absence of an interested party are matters of federal law," the "nature of the interest sought to be enforced is determined by state substantive law." Krueger v. Cartwright, 996 F.2d 928, 931 (7th Cir. 1993). Illinois courts have found that tort "claimants have a 'substantial right in the viability of [an insurance] policy,'" Soc'y of Mount Carmel v. Nat'l Ben Franklin Ins. Co. of Illinois, 268 Ill. App. 3d 655, 661 (1st Dist. 1994) (quoting M.F.A. Mut. Ins. Co. v. Cheek, 66 Ill. 2d 492, 495 (1977)), that they are "'a real party in interest to [a] liability insurance contract' whose rights 'vest at the time of the occurrence giving rise to his injuries,'" id. (quoting Reagor v. Travelers Ins. Co., 92 Ill. App. 3d 99, 103 (1st Dist. 1980)), and that a declaration of non-coverage could "eliminate a source of funds." Id. Aleman thus may have an interest here.

But TBIC has not established that Aleman "is so situated that disposing of th[is] action in [his] absence may . . . as a practical matter impair or impede [his] ability to protect [his] interest." Fed. R. Civ. P. 19(a)(1)(B)(i). To start, the cases that TBIC cites for the proposition that an injured party is "a necessary party that must be joined when" "the insurer initiates the coverage action," all involved insurers suing their insureds in an attempt to avoid providing a

9

defense or coverage, and they often already included the injured party.   See Great W. Cas. Co.

v. Mayorga, 342 F.3d 816, 817 (7th Cir. 2003) ("The insurer brought the present suit against its

insured (the truck company) and Mayorga [the injured party], seeking a declaration of

noncoverage."); State Auto Prop. & Cas. Ins. Co. v. Bell & Arthur Condo. Ass'n, No. 18 C 5927,

2019 WL 10478531, at *1 (N.D. Ill. Apr. 8, 2019) ("In cases like the one here, where an insurer

brings a declaratory action against an insured, the injured party in the underlying lawsuit is a

necessary party."); Westport Ins. Corp. v. M.L. Sullivan Ins. Agency, Inc., No. 15 C 7294, 2017

WL 56635, at *1 (N.D. Ill. Jan. 5, 2017) (insurer brought action against its insureds—which

happened to be an insurance broker and its employee—"seeking a declaratory judgment that it

[wa]s not required to defend them or to reimburse them" in a separate action); M.F.A. Mut. Ins.

Co. v. Cheek, 66 Ill. 2d 492, 494-95 (1977) (insurer brought declaratory judgment action against

insured and injured pedestrian seeking a declaration that it was not liable).   In that situation, the

absent injured party's presence is necessary so that the injured party can protect its interests

against an insurer disclaiming coverage.   Courts are particularly concerned, for example, with

"the absent party's inability to protect its interests in the face of a risk of default judgment" by

the defendant insured.   Hartford Cas. Ins. Co. v. John E. Reid & Assocs., Inc., No. 14-CV-1021,

2014 WL 13109738, at *2 (N.D. Ill. Dec. 9, 2014).

But TBIC has not shown that Aleman's presence as a defendant here is similarly needed

in this "declaratory judgment action between two insurers."   Clarendon Nat. Ins. Co. v. United

Fire & Cas. Co., No. 4:08-CV-00023, 2008 WL 1819915, at *2 (E.D. Ark. Apr. 22, 2008) ("An

injured party is . . . not a necessary party to a declaratory judgment action between two

insurers."); see id. at *1-3 (denying the defendant insurer's motion to dismiss for failure to join

10

injured party in a declaratory judgment action between two insurers); see also Liberty Mutual

Ins. Co. v. Sterling Ins. Co., No. 19-CV-3374, 2020 WL 6699872, at *1, *4 (E.D.N.Y. Nov. 12,

2020) (denying the defendant insurer's motion to dismiss for failure to join injured party in a

declaratory judgment action between two insurers).   The fact is, Amerisure is already defending

the insureds in the Aleman lawsuit, and is litigating in this case to ensure that TBIC *does* provide

a (primary) defense and coverage to the insureds.   This case is thus more akin to cases in which

an insured brings a declaratory action against an insurer to enforce a duty to defend—cases in

which courts have found that the injured party is not a necessary party.   See, e.g., Winklevoss

Consultants, Inc. v. Fed. Ins. Co., 174 F.R.D. 416, 418-19 (N.D. Ill. 1997) (finding that injured

party in underlying lawsuit was not necessary in declaratory judgment action brought by insured

against insurer).   In this case, as in those cases, Aleman "is adequately protected" because the

plaintiff—here Amerisure—is "motivate[d] to vigorously prosecute the declaratory judgment

action."   Id. at 418.   In other words, the fact that Amerisure seeks to force TBIC to defend and

cover the insureds "belie[s] any risk that [Amerisure] would prejudice [Aleman] by failing to

appear, and, as such, adequately protect[s] [his] position."   Id.   Aleman accordingly "need not

be joined because [he] [is] protected by" Amerisure's "initiation of declaratory judgment

proceedings" against the alleged primary insurer.   Id.

TBIC's strongest argument—that Aleman could potentially "be deprived of an additional

source of recovery"—does not persuade the court otherwise.   For one thing, TBIC concedes that

"the duty to indemnify is not presently ripe."   For another, even if it were, given that there are

two insurers fighting over which one will cover the insureds, "it is likely [CPD and Sollitt] will

be covered by some insurance," such that "there is likely to be a pool of money available for a

11

judgment in the underlying action no matter who prevails in this declaratory judgment action."
Harleysville Lake States Ins. Co. v. Palestine Cmty. Unit Sch. Dist. No. 3, No. 07-CV-720-JPG-
DGW, 2008 WL 11509077, at *3 (S.D. Ill. Apr. 24, 2008) (dismissing injured party from
insurer's declaratory judgment action); see Clarendon Nat. Ins., 2008 WL 1819915, at *2
(finding that injured party's "'interest' in th[e] declaratory judgment action is one of
convenience—knowing from where to collect a potential judgment"—and so would not "be
impeded by allowing action [between insurers] to proceed"); see also Liberty Mutual Ins., 2020
WL 6699872, at *4 (explaining that "[t]he *Clarendon* court's rationale applies with equal force
here").[2]   The "concerns at issue" in the typical case involving an insurer seeking a declaratory
judgment are thus "not in issue here."   Harleysville, 2008 WL 11509077, at *3.   The court finds
that TBIC has not shown that Aleman's absence here will "impair or impede [his] ability to
protect [his] interest."   Fed. R. Civ. P. 19(a)(1)(B)(i).

Finally, TBIC has not argued that Aleman's absence would "leave an existing party
subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."
Fed. R. Civ. P. 19(a)(1)(B)(ii).   TBIC has thus waived that issue.   The court, moreover, does
not see any such risk.   And courts that have considered compulsory joinder of injured parties in
actions between insurers have reached the same conclusion.   See Liberty Mutual Ins., 2020 WL
6699872, at *4 (finding that there was no risk of substantial risk of inconsistent obligations);
Clarendon Nat. Ins., 2008 WL 1819915, at *3 (finding that the record did not indicate that
defendant faced a substantial risk of inconsistent obligations).

---

[2]   The court notes that Amerisure alleges that it has provided coverage subject to a reservation of
rights.   But neither Amerisure nor TBIC argue that the reservation has any bearing here.

## CONCLUSION

For the above reasons, the court finds that defendant TBIC has failed to establish that Aleman is a required party under Rule 19(a)(1), and thus denies TBIC's motion for an "order requiring [Amerisure] to join a necessary party under Rule 12(b)(7) of the Federal Rules of Civil Procedure" [Doc. 13].   The parties are directed to file a joint status report using this court's form on or before August 26, 2025.


       **ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:**    **July 29, 2025**